United States District Court
For the District of new Jersey

RECEIVED

JAN 1 2 2007

JOSEPH A. GREENAWAY, JR.
United States District Judge

United States of America | Hon. Joseph A. Greenaway, Jr. U.S.D.J.

V

Roger Duronio | Criminal No. 02-933(JAG)
Defendant |

Your Honor,

    Please accept this letter brief as a pro se motion for extension of bail on appeal, i.e. to extend my pre-sentencing bail conditions until the Appeal is finalized; or, in the alternative, to maintain my current electronic house confinement until the Third Circuit has heard my Appeal.

    Mr. Adams, my trial Counsel, has informed me that the Appeal has been filed with the Third Circuit.

    He also informs me that he has moved this Court to replace him as Appeal counsel, on my request, and to Appoint new Counsel under the CJA act. Since this will take time and I am to be removed from bail and incarcerated on Jan. 25th I felt I had no recourse but to apply for bail pending Appeal on my own behalf.

    18 U.S.C. S. 3143 (b) (2) of the Bail Reform Act of 1984 requires I meet four criteria to obtain bail pending appeal:

(1) That the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

You have already decided that I meet criteria 1 when you imposed my current bail conditions of electronic monitoring in my home after sentencing, and did so against the objection of the government. I don't have the record to quote to you.

I assert here that the Appeal is not for purposes of delay.

The substantial issues to be raised on appeal are:

1

A. Failure of the District Court to fulfill its role as "Gate Keeper" over the "relevance and reliability" of evidence and Expert testimony presented to the Jury in this 'complex' case.
B. Incompetence of Defense Counsel.
C. Error in the Courts Ruling on the Bates issue of destruction of potentially exculpatory evidence.
D. Sentencing errors.
E. And possibly other items.

Arguments in support of these issues along the following lines will most likely be presented to the Court of Appeals in the Appeal Brief proper. This is not a limit on the arguments or points but merely representative of the issues and why I believe they constitute "substantial" questions of law and fact.

A. (1). The Governments computer forensic expert admittedly based opinions he expressed to the Jury on evidence from an "unknown" source (Record at 1895 – 1896). This fails to meet the Daubert v. Merrell Dow 506 U.S. 914 and Kumho Tire Co. v Carmichael, 526 U.S. 137 doctrines that Rule of Evidence 702 "establishes a standard of evidentiary reliability". Any expert opinion based on evidence from an unknown source is inherently unreliable. For the Appeals Court to rule to the contrary would imply that the District Courts of the 3rd Circuit will now permit expert opinions based on evidence from unknown sources presented to any future Tryer of Fact in the Circuit.

(2). The Trial Court's ruling that witness Khanna was a "Custodian of sorts to identify the tapes and provide the predicate for their admission." (R 519, line 6 - 8) when he identified the 4mm and 8mm tapes that are Gov. exhibits 501 through 520 etc. is an error. Mr. Khanna testified that "...there is a group who is responsible for management of these tapes, keeping track of those, and, also, requesting to Ironmount to recall the tapes." (R 320 line 14).

The chain of custody documents, Gov. exhibit 419, clearly show Mr. Khanna as a 'conduit' of the tapes from others to @Stake personnel.

(3). The tapes are unreliable on their face (the restore process applied to these tapes asked for a non-existent second tape volume for 7 of the 20 tapes listed in the table ( Foundstone report table 1 at tags 1, 2, 3, 5, 6, 14 and 17) four other tapes of the 20 listed are unreadable (table 1 tag numbers 4, 9, 12 and 19). Yet these same tapes were claimed, by witness Khanna, to be "full backups" (R 301 line 1; R 308 line 8) and "everything that is on the computer" (R 308 line 1). The method of their creation was consequently flawed and unreliable: Khanna testified on cross-examination at R 406 line 7 that "...in the case of the SA.C machine, backups failed, and they were not caught as failures." The tape evidence therefore fails to meet the hearsay exception of rule 602 (6). The tapes, and any inferences derived from their content, should have been excluded from the trial.

B. (1) Counsel proved inadequate when he failed to challenge the classification of the 4mm and 8mm computer backup tapes as 'normal business product'. They were not. See above.

(2). Counsel failed to challenge the reliability of the chain of custody of any of the prosecution's evidence, especially the 4mm and 8mm tapes. The chain of custody started by @Stake is flawed on its face. The beginning of the chain starts in the "mid-life" of the evidence, on its return from the "ARCUS" vendor (Gov. exhibit 419 with 27 entries has only numbers 6 and 9 that were not "received from" or

2

"provided by" some third party). The remaining 25 pieces have no reference as to how they were created, when they were created, or who created them. There are no first hand records of creation, shipment to "ARCUS" or receipts from "ARCUS". This is a very flawed chain. It should have been questioned.

(3). Counsel failed to challenge the Governments expert's walk through of the trigger program, which implied that the program was deterministic, i.e. it was determined to execute on March 4, 2002, at 9:30 AM. This implied determinism is not true. Choose to start the program on Feb. 28, 27, 26, or 25, and any multiple of ten days before each of these days, and the program will not execute until March 11, 2002. This failure was clearly exposed when the Defense expert responded to AUSA Wolfe , at R 2227 line 8 "If you'd like to go walk through this code, I can show you why." The Defense expert was not taken through the code by Defense counsel even when the Expert, Mr. Faulkner, was anxious to present that walk through to the jury.

(4). Counsel failed to move to strike the Government's expert's testimony derived from evidence from "unknown sources" (R 1895 – 1896). This testimony violates rule 703 where the evidence was not of a 'type reasonably relied upon by experts in the particular field in forming opinions...'.

(5). Counsel failed to request the report on the FBI search of its fingerprint database that witness O'Neil said failed to identify any person as a match with the print. (R 1239).

(6). Failure to challenge the authenticity of the fingerprint report with the wrong dates making it highly probable that the report was not for the fingerprint submitted. This is, in effect, an unreliable piece of evidence.

(7). Counsel failed to challenge the first hand knowledge of when, where, and how the trigger mechanism source code was found in Defendant's home. O'Neil was permitted to enter the document into evidence when he had no first hand knowledge of who, how, when, or where the physical hardcopy of the file was found. ( R 1057 line 15).

(There may be other alleged failings in the Appeal).

I assert that each of the above listed failures and certainly the cumulative failures show inadequate defense Counsel and could easily be grounds for a remand for a new trial.

C. (1) The Court's ruling and opinion on the pre-trial and post trial Bates claim of destruction of potentially exculpatory evidence will be presented for review on Appeal.

D. (1). Errors at sentencing will rarely, if ever, result in remand for new trial so will be irrelevant for purposes of bail on Appeal, although a factor on Appeal.

Finally, if the Appeals Court finds that the testimony submitted to jury by the Government's expert was unreliable a remand for retrial is most probable.

If the Appeals Court finds insufficiency of Counsel a remand for new trial is also most likely.

For the above stated reasons Defendant respectfully prays this honorable Court order Defendant to remain on Bail under the pre-sentencing conditions until his Appeal to the Third Circuit Court of Appeals is heard. Or, in the alternative, to order Defendant to remain on bail under the current conditions of electronic house monitoring until the Appeal is heard.

Roger F. Duronio
Defendant pro se.

Dated Jan. 10, 2007

CC. V. Grady O'Malley
Assistant U.S. Attorney
Office of U.S. Attorney
970 Broad Street
Room 502
Newark, New Jersey 07102

Christopher D. Adams, Esq.
Walder, Hayden & Brogan, PA
5 Beckeer Farm Road
Roseland, New Jersey 07068

4

