

**U.S. Department of Justice**

*United States Attorney
District of New Jersey*

---

*970 Broad Street, Suite 700*  973/645-2700
*Newark, NJ 07102*

January 17, 2007

Hon. Joseph A. Greenaway, Jr.
United States District Judge
Martin Luther King, Jr. Courthouse
Walnut Street
Newark, NJ 07102

    Re:  United States v. Roger Duronio
          Crim. No. 02-933 (JAG)

Dear Judge Greenaway:

    Please accept this very brief letter in lieu of a more formal opposition to the belated motion made by defendant Roger Duronio for bail pending his appeal.

### BACKGROUND

    The defendant was convicted on July 19, 2006 by a trial jury on two counts of a four count Indictment.  Count One charged defendant with Securities Fraud.  Count Four charged him with the Execution of Logic Bomb at UBS on March 4, 2002.  The defendant was found not guilty on counts Two and Three mail fraud.  On each count of conviction, Mr. Duronio was sentenced to 97 months in federal prison, to be served concurrently.

    The defendant now asks the Court to stay the execution of his sentence, specifically surrendering to BOP on January 25, 2007, while he seeks an appeal of his two convictions in the Third Circuit.  However, there is no persuasive reason to stay the sentence of Mr. Duronio since he has failed, as to both

counts, to raise the required "substantial" appellate issues that are likely to result in a reversal or an order for a new trial. His motion is without merit.

## DISCUSSION

Congress enacted the Bail Reform Act to create a presumption in favor of post-conviction detention. S. Rep. 98-22555, 98th Cong., 1st Sess. 27 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3209-10; United States v. Miller, 753 F.2d 19, 22-23 (3d Cir. 1985). Title 18, United States Code, Section 3143(b) sets forth the rigorous standard that a defendant must satisfy to qualify for release pending appeal. A defendant can avoid detention only if he establishes:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> >    (i)     reversal,
> >    (ii)    an order for a new trial,
> >    (iii)   a sentence that does not include a term of imprisonment, or
> >    (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A) & (B) (emphasis added).

This statute creates a presumption against release pending appeal. See Miller, at 22; United States v. Bissell, 954 F. Supp. 903, 906 (D.N.J. 1997). The applicable standard "is

designedly stringent," and is intended "to limit bail to . . . relatively few cases."  United States v. Colleta, 602 F. Supp. 1322, 1325 (E.D. Pa.), aff'd, 770 F.2d 1076 (3d Cir. 1985) (Table).  As the Third Circuit has noted in explaining the legislative origins of section 3143, "Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances."  Miller, 753 F.2d at 22 (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)); see Bissell, 954 F. Supp. at 906.

Courts in this Circuit have provided guidance in applying the requirements set forth above.  The Third Circuit has defined a "substantial" question as one that is "significant" and "which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful."  Id. at 23; see United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986).  The Circuit later held that "substantial" questions are ones that are "fairly debatable," in explaining that the absence of controlling precedent does not, without more, render an issue "substantial." Smith, 793 F.2d at 89-90.

If the Court finds that a purported appellate issue is "substantial," "it must [then] determine whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial."  Miller, 753 F.2d at 23.  In explaining that requirement, the Miller court

observed that many trial errors may be harmless, have no prejudicial effect, be insufficiently preserved, etc.  "A court may find that reversal or a new trial is 'likely' only if it concludes that the question is <u>so integral to the merits of the conviction</u> (emphasis added) on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial."  <u>Id.</u>  In other words, the "substantial" questions must also be outcome-determinative.  See <u>Colleta</u>, 602 F. Supp. at 1325.

In the present case, the Government contends that defendant's application is indeed solely for the purpose of delay.  Analysis of whether the defendant is a flight risk is unnecessary because the defendant has not identified a "substantial question of law or fact" likely to result in a reversal and new trial on both counts.  Moreover, the defendant, protestations to the contrary, has also failed to show by clear and convincing evidence that he is not a flight risk.

The entire substance of the defendant's submission, frankly, focus's on the proofs as they pertain to count Four, the computer sabotage charge.  Not once does the defendant explain, or even reference, how any of his stated contentions, even if material and somehow compelling, would impact the jury's verdict on Count One, the securities fraud charge.

Not surprisingly, a review of the entire submission reflects some of the same arguments that the Court heard and rejected during the trial, during post trial motions and even at

sentencing.  Although, it is conceded that the "ineffective assistance of counsel" arguments are new; but are still without merit.  Indeed, even the ineffective asistance allegations pertain only to how counsel dealt with the count Four.  Mr. Duronio spends his total effort arguing his very narrow view of the credibility of two computer witnesses, Keith Jones and Rajiv Khanna, as well as some ancillary evidentiary rulings; again impacting only count Four.  He draws from that limited analysis the conclusion that the government's case lacked sufficient evidence for the jury to convict to stand on all counts!  He advances nothing that remotely supports a "substantial question of fact or law" which would lead to a reversal or aquittal on Count One, the securities violation.

As a result, facially, Mr. Duronio has not met the statutory criteria for bail pending appeal.  <u>See</u> <u>Miller</u>, 753 F.2d at 24; <u>United States v. Butler</u>, 704 F. Supp. 1351, 1352 (E.D. Va. 1989)(emphasis added)

> "In the case of a conviction on multiple counts, the defendant must raise a substantial question with respect <u>to all counts</u> for which imprisonment is imposed."

Simply put, neither the Government nor the Court need spend inordinate time disputing Mr. Duronio's personal view of the credibility issues of two computer witnesses or certain discreet evidentiary rulings, when in the end he has utterly failed to attack the proofs on count Four, the securities fraud count; which remains unchallenged.

This motion has been offered in the desperate hope the court will offer Mr. Duronio a hearing and the necessary postponement of his imminent surrender date, January 25, 2007. He has proffered nothing to support such a concession by the Court.

## CONCLUSION

Release of a criminal defendant into the community pending appeal has a detrimental effect on the deterrent aims of the criminal law.  In this case, permitting a convicted and sentenced defendant to remain out of prison during the many months his appeal proceeds would send the wrong message to the public.  Defendant Duronio has not satisfied his burden in proving the criteria that would permit his release.  The United States therefore respectfully requests that the Court deny

his motion for bail pending appeal.

                                    Respectfully submitted,

                                    CHRISTOPHER J. CHRISTIE
                                    United States Attorney

                                   <u> s/ v. grady o'malley  </u>
                                    By:  V. Grady O'Malley
                                    Chief, Strike Force Unit
                                    Assistant U.S. Attorney

cc:   Roger Duronio