# WALDER, HAYDEN & BROGAN, P.A.

COUNSELLORS AT LAW
5 BECKER FARM ROAD
ROSELAND, NEW JERSEY 07068-1727
(973) 992-5300

TELECOPIERS: (973) 992-1505
(973) 992-1006

DIRECT: (973) 992-9327 EXT. 325
E-MAIL ADDRESS: CDADAMS@WHBESQS.COM
HTTP://WWW.WHBESQS.COM

JUSTIN P. WALDER
JOSEPH A. HAYDEN, JR.[1]
MELVYN H. BERGSTEIN[1,2,4]
THOMAS J. SPIES
JAMES A. PLAISTED[1,4,5]
HEATHER G. SUAREZ
MICHAEL J. FAUL, JR.
JEFFREY A. WALDER
ROBERT L. PENZA[1]
SHALOM D. STONE[1]
BARRY H. EVENCHICK[1]
K. ROGER PLAWKER[2]
CHRISTOPHER D. ADAMS
VIKKI S. ZIEGLER

JOEL SONDAK (1932-1995)

[1]MEMBER OF NJ & NY BARS
[2]MEMBER OF NJ & DC BARS
[3]MEMBER OF NJ, NY, CA & VA BARS
[4]CERTIFIED BY THE SUPREME COURT AS A CIVIL TRIAL ATTORNEY
[5]CERTIFIED BY THE SUPREME COURT AS A CRIMINAL TRIAL ATTORNEY

PETER G. BRACUTI
MATT D. MANDEL
STEVEN G. WALDER[1]
ASAAD K. SIDDIQI[1]
LIN C. SOLOMON[1]
REBEKAH R. CONROY[1]
KEVIN A. BUCHAN[1]
LEIGH-ANNE MULREY

OF COUNSEL
JOHN A. BROGAN
JOHN H. SKARBNIK[1], LL.M., C.P.A.
STEVEN D. GROSSMAN[1]
ALAN SILBER[3,5]
ROBERT J. DONAHER
MICHAEL D'ALESSIO, JR.

COUNSEL TO THE FIRM
MARTIN L. GREENBERG[1]

OUR FILE NO. 24378.002

January 5, 2007

**VIA FACSIMILE & OVERNIGHT MAIL**

Hon. Joseph A. Greenaway, Jr., U.S.D.J.
M.L.K. Jr. Federal Bldg. & Courthouse
Room 4040
50 Walnut Street
Newark, New Jersey 07102

RECEIVED
JAN 0 8 2007
JOSEPH A. GREENAWAY, JR
United States District Judge

> *Re:* ***United States v. Roger Duronio***
> ***Criminal No.: 02-933(JAG)***

Dear Judge Greenaway:

Please accept this letter brief in lieu of a more formal submission in support of defendant Roger Duronio's ("Mr. Duronio's") motion for the appointment of new counsel, as well as this office's request to withdraw as assigned counsel. Because of the nature of the request, this motion is not being electronically filed.

On May 24, 2004, this Court appointed Walder, Hayden & Brogan, P.A. to represent Mr. Duronio pursuant to the Criminal Justice Act ("CJA"), *nunc pro tunc* to March 26, 2004. Since that date, this office has represented Mr. Duronio in (1) all pretrial aspects of the initial and

WALDER . HAYDEN & BROGAN. P.A.

*Hon. Joseph A. Greenaway, Jr., U.S.D.J.*
*January 5, 2007*
*Page 2*

---

superseding indictments, (2) a seven-week trial which resulted in two convictions, and (3) all post-trial aspects, including a motion for new trial pursuant to Fed. R. Crim. P. 33 and sentencing. Due to facts and circumstances described in more detail below, both the defendant and his counsel move for permission for counsel's withdrawal and for the assignment of new counsel going forward.

### A. Relevant Facts and Procedural History with Respect to Defendant's Claims of his Right to Counsel of Choice and Ineffective Assistance of Counsel.

On August 25, 2006, counsel filed a motion for a new trial pursuant to Fed. R. Crim. P. 33. One of the grounds asserted, at the exclusive direction of the defendant, was that Mr. Duronio was denied his Sixth Amendment right to counsel of choice when the Court appointed this counsel to represent him. In the motion for a new trial, Mr. Duronio argued (1) that his desire was to proceed pro se; and (2) the Court never issued an order from which he could appeal:

> Defendant argues that he was denied counsel of his choice and deserves a new trial as a result.
>
> * * * *
>
> In the present case the defendant was no longer able to afford private counsel and requested to proceed *pro se*. The court assigned Walder, Hayden & Brogan, P.A. as counsel through the Criminal Justice Act (CJA). Defendant now argues that he did not receive an order designating Walder, Hayden & Brogan, P.A. as counsel and thus did not have a decision or ruling from which to appeal. This, according to the defendant, effectively denied him the opportunity to elect to proceed *pro se*.

Db26 (citations omitted).

In an opinion filed December 11, 2006, this Court denied Mr. Duronio's motion for a new trial on all grounds, and with respect to this issue held that no clear request to proceed *pro se* was ever communicated:

> Here, the Defendant failed to make a clear and unequivocal request to proceed pro se at any time before or after pro bono counsel was appointed to represent him. In fact, Defendant affirmatively requested that this Court appoint pro bono counsel to represent him. That this Court never issued a formal order appointing pro bono counsel did not deprive Defendant of the opportunity to assert his right to proceed pro se. As this Court has explained, Defendant could have requested to proceed without counsel at any point in these proceedings, orally or in writing, so long as his request was clear and unequivocal. Buhl, 233 F.3d at 192. This Court cannot be expected to read Defendant's mind. Because Defendant never affirmatively requested to proceed pro se, he was not deprived of his Sixth Amendment right to do so.

Slip. Op. at 28.

On December 13, 2006, however, Mr. Duronio appeared before this Court for sentencing on the two convictions. After the imposition of sentence, counsel for Mr. Duronio informed the Court of Mr. Duronio's request for new counsel. Consistent with the argument advanced in the motion for a new trial, counsel explained that Mr. Duronio intended to explore more fully on appeal that a reversal is required due to ineffective assistance of counsel.[1] It was further requested that the Court relieve counsel so that Mr. Duronio could proceed with other counsel such as the Office of the Federal Public Defender. That request was denied.

On January 2, 2007, Mr. Duronio wrote to counsel repeating his request to be provided new counsel. See Duronio email, attached hereto as Exhibit "A." In that correspondence, Mr.

---

[1] Counsel has not yet received a transcript of this colloquy, but Your Honor may recall that it took place at the very end of the appearance prior to the Court's adjournment of the proceedings.

WALDER, HAYDEN & BROGAN, P.A.

*Hon. Joseph A. Greenaway, Jr., U.S.D.J.*
*January 5, 2007*
*Page 4*

---

Duronio expressed his lack of confidence in counsel and further explained his belief regarding ineffective assistance of counsel:

> I'm sorry to have to do this, but I believe I have no choice. Will you please move the Court to have different counsel appointed for my Appeal to the Third Circuit? You see, one of the points of the Appeal will be ineffective Counsel.
>
> It has become apparent that our relationship has broken down but I respectively [sic] ask you to move the Court to appoint new Counsel, like someone from the U.S. Public Defenders Appeals group, to represent me on the Appeal. I can see no other way of having an effective Appeal presented to the Third Circuit on my behalf.
>
> As you know I asked you "before sentencing" to move the Court for new Appeal Counsel. The Judge asked if ineffective Counsel was a point of the appeal and you told him it was.
>
> I'm not debating trial strategy but I believe decisions you made contributed to the conviction.
>
> Without new Counsel I don't believe I can be adequately represented on Appeal.

Id. (emphasis added).

As the Court can see, Mr. Duronio intends to appeal his convictions based on counsel's conduct at trial. Specifically, he intends to argue on appeal that his convictions were caused by counsel's decisions. In addition, Mr. Duronio references in his email that "our relationship has broken down." Id. For clarification, what I believe he is referring to is the breakdown of communication between the attorney and the client. The inability to communicate with counsel directly impacts the ability to effectively represent the client. Moreover, the refusal of a client to follow the advice and direction of counsel is equally detrimental to the attorney-client

WALDER, HAYDEN & BROGAN, P.A.

**Hon. Joseph A. Greenaway, Jr., U.S.D.J.**
**January 5, 2007**
**Page 5**

---

relationship and ability of counsel to defend. Both problems exist in this case and are highlighted by Mr. Duronio's prior requests and his most recent letter to counsel. Singularly and in the aggregate, they evidence a complete and total breakdown of the attorney-client relationship and present irreconcilable differences.

**B.     Counsel Should be Permitted to Withdrawal and New Counsel is Required.**

The Criminal Justice Act provides that "the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C.A. §3006A(c). The CJA has been interpreted to provide indigent defendants a right to be represented by counsel, and when good cause exists, to be represented by or demand different appointed counsel. See United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). Good cause exists on a showing of "a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Calabro, 467 F.2d 973, 986 (2d Cir. 1972); see also United States v. Webster, 84 F.3d 1056, 1062 (8th Cir. 1996); United States v. Gibbs, 190 F.3d 188, 207 n.10 (3d Cir. 1999). Good cause depends on "objective reasonableness" and "it cannot be gauged solely by ascertaining the defendant's state of mind." United States v. Myers, 294 F.3d 203, 206 (1st Cir. 2002).

### *1.     The Irreconcilable Breakdown in Communication.*

Courts have held that irreconcilable differences exist between a defendant and counsel where there is an inability to communicate, which can include constant arguing and cajoling. United States v. Blaze, 143 F.3d 585, 593 (10th Cir. 1998). In United States v. Melendez, for example, the court granted the attorney's motion to withdraw because it was "'impossible [for

WALDER, HAYDEN & BROGAN, P.A.

*Hon. Joseph A. Greenaway, Jr., U.S.D.J.*
*January 5, 2007*
*Page 6*

---

her] to effectively represent the Defendant as he [would] not participate in his defense and [did] not wish to engage in further conversation' with her." 2000 WL 1286397 at *7 (E.D. Pa. Sept. 5, 2000). In United States v. Ali, the defendant's attorney demonstrated good cause to withdraw due to a "complete and irreparable breakdown" in the attorney-client relationship, which included the defendant's "unwillingness to provide counsel with requisite directions in connection with the representation." 375 F.Supp. 2d 1289, 1290 (D.N.M. 2005). Although the Ali case deals with retained counsel, the reasoning is persuasive in the matter *sub judice*. The Ali court held that withdrawal of a defense attorney is warranted where a defendant's interests in effective assistance of counsel substantially outweigh any risk that the attorney's withdrawal would result in delay. Id.

We respectfully submit that the communication breakdown in the case at bar warrants the relief provided by the authority cited above. Counsel is not being afforded the access to information that he needs and the client is not listening to his advice. That lack of communication destroys any chances of effective representation going forward.

### 2. *Claim of Ineffective Assistance of Counsel on Appeal.*

Another situation in which counsel should be permitted to withdraw from representation is where the defendant intends to argue ineffective assistance of counsel on appeal. Where an indigent criminal defendant decides to argue on appeal that he has been deprived of the effective assistance of trial counsel, he may request to the trial court that a different lawyer be appointed to represent him on appeal. State v. Fuller, 581 N.E.2d 614, 618 (Ohio Ct. App. 1990). The trial court's failure to appoint a new lawyer in this situation will be deemed prejudicial and a violation

WALDER, HAYDEN & BROGAN, P.A.

*Hon. Joseph A. Greenaway, Jr., U.S.D.J.*
*January 5, 2007*
*Page 7*

---

of the defendant's Sixth Amendment right to counsel. Id. Indeed, when appointed appellate counsel is the same attorney who represented the defendant at trial, he must be presumed incapable of making an effective argument that defendant was denied effective assistance of counsel at trial. Id.; see also Tome v. Stickman, 167 F. App'x 320, 321 (3d Cir. 2006) (noting that defense counsel sought and was granted leave to withdraw after filing a notice of appeal on the defendant's behalf because the defendant was seeking to raise claims of ineffective assistance of trial counsel).

In the case at bar, counsel informed the Court at sentencing that Mr. Duronio intended to appeal on grounds of ineffective assistance of counsel. Mr. Duronio's recent letter repeats that intention but goes further by describing how he intends to raise the issue on appeal: "I'm not debating trial strategy but I believe decisions you made contributed to the conviction." See Ex. "A." Mr. Duronio's intention is not to quarrel with strategy or raise minor objections with his counsel. Rather, he intends to argue that counsel's conduct was directly responsible for his convictions. As such, counsel cannot be expected to continue representation.[2] Counsel cannot, in good conscience, raise such arguments. New counsel, who would be objective and discriminating in his/her review of the record, can be expected to either raise the issue or advise Mr. Duronio of his right to file supplemental *pro se* briefs. Accordingly, we respectfully submit that counsel should be permitted to withdraw and the Court should appoint new counsel.

### 3. *The Defendant Consents to the Withdraw and Replacement.*

---

[2] For the record, counsel disagrees with Mr. Duronio's belief and does not agree that his conduct contributed in any way to the convictions.

In addition to the grounds raised above, authority exits that a court-appointed attorney may withdraw from representation with the consent of the defendant. While not central to the ultimate issue in the case, United v. Vas, 2006 WL 1517377 (E.D. Pa. May 30, 2006), implies that the court may grant counsel's motion to withdraw with the consent of the defendant. In Vas, the defendant and counsel appointed pursuant to the CJA "reached an impasse concerning trial strategy, preparation, and how best to utilize the services of the private investigator." Vas, 2006 WL 1517377 at *1. "Their attorney-client relationship deteriorated to the point where the two were unable to communicate to develop a cogent defense to the charge lodged against Defendant." Id. The court granted counsel's motion to withdraw after conducting a hearing and "learning of Defendant's acquiescence in counsel's decision to withdraw." Id.

A hearing is not necessary to determine the defendant's consent in this case. Here, the defendant has not only made his request known in his Rule 33 motion and after sentencing, he has put his request for new counsel in writing. Mr. Duronio's letter goes further than consenting to new counsel, he's openly requesting it and directing counsel to make such a motion. In light of his consent, coupled with the grounds identified above, we respectfully request that the Court grants counsel's request to withdraw and appoint separate counsel.

Respectfully submitted,

WALDER, HAYDEN & BROGAN, P.A.

CHRISTOPHER D. ADAMS (CDA 9760)

CDA/lks
cc: AUSA V. Grady O'Malley (via fax only)
Mr. Roger Duronio (via email)

Case 2:02-cr-00933-JLL     Document 140     Filed 01/08/07     Page 9 of 10 PageID: 1212

## Christopher Adams

**From:** R. Frank duronio [rduronio@optonline.net]
**Sent:** Tuesday, January 02, 2007 3:15 PM
**To:** Christopher Adams
**Subject:** Motion for new appeal attorney

Chris,

    I'm sorry to have to do this, but I believe I have no choice.  Will you please move the Court to have different counsel appointed for my Appeal to the Third Circuit?  You see, one of the points of the Appeal will be ineffective Counsel.
    It has become apparent that our relationship has broken down but I respectfully ask you to move the Court to appoint new Counsel, like someone from the U.S. Public Defenders Appeals group, to represent me on the Appeal.  I can see no other way of having an effective Appeal presented to the Third Circuit on my behalf.
    As you know I asked you "before sentencing" to move the Court for new Appeal Counsel.  The Judge asked if ineffective Counsel was a point of the appeal and you told him it was.
    I'm not debating trial strategy but I believe decisions you made contributed to the conviction.
    Without new Counsel I don't believe I can be adequately represented on Appeal.

        Yours truly,

        Roger Duronio        1/2/07

--
rduronio@optonline.net
(cell) 551-486-5483

1